UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:13-1196 |
| v. | ) | Judge Sharp/Brown |
| | ) | **Jury Demand** |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

## **O R D E R**

The Magistrate Judge conducted a lengthy telephone conference with the parties on June 25, 2014, concerning Bridgestone's request to use predictive coding in reviewing something over two million documents for responsiveness. Defendant has opposed this request as being an unwarranted change in the original case management order (Docket Entry 54) and on the grounds that it is unfair to use predictive coding after an initial screening has been done with search terms.

Both parties have provided extensive pleadings in the matter (*see* Docket Entries 83 through 88).[1]

Predictive coding is a rapidly developing field in which the Sedona Conference has devoted a good deal of time and effort to, and has provided various best practices suggestions. Magistrate

---

[1] In this connection, Bridgestone's original submissions on this were done in the form of a letter and exhibits (Docket Entry 88-1 through 88-9), which is now attached to their reply (Docket Entry 88). The attachments to Docket Entry 88 were the basis for IBM's response (Docket Entry 85). The reply to that response is Docket Entry 88. This hopefully will put the sequence of pleadings in order.

Judge Peck has written an excellent article on the subject and has issued opinions concerning predictive coding. Certainly, this Magistrate Judge could try to write an extensive opinion, going into various cases which have allowed and denied predictive coding. In the final analysis, the uses of predictive coding is a judgment call, hopefully keeping in mind the exhortation of Rule 26 that discovery be tailored by the court to be as efficient and cost-effective as possible. In this case, we are talking about millions of documents to be reviewed with costs likewise in the millions. There is no single, simple, correct solution possible under these circumstances.

The Magistrate Judge will permit Plaintiff to use predictive coding on the documents that they have presently identified, based on the search terms Defendant provided.

The Magistrate Judge believes that he is, to some extent, allowing Plaintiff to switch horses in midstream. Consequently, openness and transparency in what Plaintiff is doing will be of critical importance. Plaintiff has advised that they will provide the seed documents they are initially using to set up predictive coding. The Magistrate Judge expects full openness in this matter.

Defendant, while not offering predictive coding as part of its products, is nevertheless a sophisticated user of advanced methods for integrating and reviewing large amounts of data.

The Magistrate Judge expects the parties to communicate, through their attorneys and experts and companies doing the work, on a frequent and open basis.

The Magistrate Judge understands that the October 1st date set for this initial production will undoubtedly have to be modified. Both parties have expressed an interest in keeping this case moving and preserving the trial date we have. The Magistrate Judge is perfectly willing to modify the case management order, particularly if the parties have agreed amendments.

In this connection, the parties are directed to confer as needed and, if they reach a sticking point, not allow it to go too far before scheduling a telephone conference or request an in-court hearing with the Magistrate Judge about the issue. What the Magistrate Judge is particularly concerned about is that the case not get tied up in unnecessary wrangling.

Defendant has advised that they are somewhere between one-third and one-half completed with their manual review of their documents set. Nothing in this order is intended to prohibit Defendant from switching to predictive coding if they believe it would in the end be more efficient, given the Magistrate Judge's order to allow the Plaintiff to use predictive coding.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge