```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BRIDGESTONE AMERICAS, INC.,       )
                                  )
    Plaintiff              )
                                  )    No. 3:13-1196
v.                                )    Judge Sharp/Brown
                                  )    **Jury Demand**
INTERNATIONAL BUSINESS            )
MACHINES CORPORATION,             )
                                  )
    Defendant              )

## **O R D E R**

A 2½ hour telephone conference was held with the parties on August 27, 2015, on a number of topics. The parties submitted a joint statement of the issues for the telephone conference for completeness and reference the joint submission will be filed as the next exhibit in this case.

The first issue dealt with documents subpoenaed by IBM from Deloitte. Although the subpoena was issued in late May, it appears that not much has been done to either file a motion to compel or a motion for a protective order or to bring it to the Court's attention. The parties advised that they were working on the matter and that Deloitte is apparently committed to beginning to collect documents. It remains to be seen whether there will be any issues of privilege involved. Bridgestone needs to make a decision in short order as to whether they intend to claim any accounting privilege. The parties will file a report with the Court by **September 4, 2015,** on the status of this subpoena and include a

schedule for briefing privilege issues, if necessary, and a timetable for compliance with the subpoena.

The second issue dealt with 2253 documents produced by Bridgestone/Japan. IBM contends that a lot of improper redactions were made. Bridgestone responded that the documents were reviewed apparently by Bridgestone/Japan and materials they considered nonresponsive or immaterial were redacted. During the course of the discussion it appears that the redactions were actually made by Bridgestone/Japan not Bridgestone/America. Bridgestone/America the plaintiff did not review the redactions.

The Magistrate Judge has previously ruled that Bridgestone/America has sufficient control to be required to produce the documents. Bridgestone/America needs to review unredacted copies of the documents produced by Bridgestone/Japan and then they may redact materials they consider either unresponsive or immaterial. Bridgestone/Japan should produce unredacted copies to Bridgestone/ America by **September 4, 2015.** Once the documents are reviewed by Bridgestone/America, if redactions remain, IBM may file objections and may select **50 documents**, which Bridgestone/America has redacted and Bridgestone/America will submit for an *in camera* inspection unredacted copies of those 50 documents. If the Magistrate Judge finds that a substantial number of the redactions are improper, he will order that all the documents be produced in unredacted form. On the other hand, if he finds that redactions are substantially

2

accurate, he will not directed that the unredacted copies be produced. The Magistrate Judge is of the opinion that a party may redact material that is not responsive or not likely to lead to relevant information, however give the scope of this case redaction should be used only when the issue is clear.

The third topic dealt with privilege logs. The first set deals with what has now been reduced to some 930 documents and a separate set of Bridgestone's parent documents of some 101 documents. Any motion challenging the 930 documents should be filed by **September 4, 2015,** and IBM may select **25 documents** from the 930 documents as a sample for which Bridgestone will produce unredacted copies for an *in camera* review by the Magistrate. For the Bridgestone's 101 documents, the revised log will be produced by **September 8, 2015.** Any motions concerning the log will be filed by **September 18, 2015,** and the parties will confer about the motion by **September 11, 2015.** If motions are filed then by **September 18, 2015,** IBM may select **10 documents** for *in camera* review and Bridgestone will produce unredacted versions of those 10. In both cases, **14 days** will be allowed for a response, and **seven days** for replies. The parties should not even think about asking for a surreply.

Item 4 deals with IBM's complaint that Bridgestone has not produced adequate information concerning its claim for damages in this case. Bridgestone contends that it has produced some 23,820 pages of damage calculations and is willing to provide some of the

3

documents in an agreed spreadsheet format and will produce tax returns as available. Bridgestone is aware that failure to make required disclosures concerning damages can result, and should result, in their being precluded from seeking those damages at the actual trial. IBM has sent Bridgestone letters requesting explanations about their responses on August 7 and 24, 2015. Bridgestone should respond to those letters by **September 11, 2015.** If differences arise, IBM should promptly file a motion to compel a fuller answers to their requests for production. In general, the Magistrate Judge expects reasonable and complete responses and disclosure of damages. Seasonal supplementation is allowed and IBM has stated that they are not seeking disclosure at this point of Bridgestone's expert calculations. The Magistrate Judge understands that Bridgestone is a large company, however, in particular concerning the loss of sales for replacement tires for both private and commercial customers, it would seem that information of this should be complete. Certainly, Bridgestone/America does not involve Bridgestone/Europe, Bridgestone/Japan, or other entities that did not have sales.

The next item dealt with the SAP code, with a subissue concerning SAP codes from the solution manager program. IBM has proposed four questions that they wish Bridgestone to answer: (1) to explain what efforts were made to access solution manager; (2) to explain why it has not produced solution manager information if it is accessible; (3) to explain whether IBM can have direct access

4

by a virtual machine; and (4) to set up a telephone conference with technical experts so that the experts can inquire as to the technical challenge and explore solutions. Bridgestone has agreed to answer the questions and to set up a conference with the technical people. The answers to the questions should be provided by **September 2, 2015,** and the IT conference call should be scheduled by **September 9, 2015.**

Bridgestone had three topics. No. 6 dealt with subpoenas issued by IBM to accounting two accounting firms. Counsel for Bridgestone stated that these two accounting firms were hired by Bridgestone attorneys to provide services to the attorneys. This appears to the Magistrate Judge to be classic work product and protected from disclosure to IBM. IBM does not disagree with this as a general proposition, however, these two companies were mentioned in documents and they had only recently received Bridgestone's claim of a work product privilege. The parties may discuss this matter further, but absent some indication by IBM that they were seeking information that is not covered by the work product privilege, the Magistrate Judge believes that the work product privilege is appropriate. Of course, should either firm be later used as a testifying expert, the Rule 26 disclosure of experts and their depositions would be appropriate.

The next issue, Number 7, dealt with Bridgestone's notice of a Rule 30(b)(6) deposition of IBM to discuss a number of topics. The Magistrate Judge believes that Rule 30(b)(6) witnesses are part

of fact discovery and the case management order setting the deadlines for completion of fact discovery includes Rule 30(b)(6) witnesses. IBM should provide Bridgestone with specific objections to any of the Rule 30(b)(6) topics by **September 3, 2015.** If the parties are unable to resolve the matter they may file briefs or request that the Magistrate Judge attempt to resolve the matter with a telephone conference.

Topic No. 8 dealt with the redaction by IBM of certain third-party identities from their document production. This request dealt with companies that are alleged to have experienced similar problems as Bridgestone to IBM's work for them. IBM contends that there was an agreement between the parties not to have to produce the names. The Magistrate Judge does not have the letters that purportedly set out such an agreement.

Bridgestone has until **September 14, 2015,** to file a motion to compel production of the names. The Magistrate Judge will then be in a position to determine whether there was an agreement. To the extent there was an agreement between the parties the Magistrate Judge would rule that the parties can agree to limit discovery and the Magistrate Judge would not disturb such an agreement, if it exists.

The final topic, which the Magistrate Judge raised, dealt with an amended protective order, which the Magistrate Judge entered on May 15, 2015 (Docket Entry 141). As noted in Bridgestone's motion (Docket Entry 173) the Magistrate Judge

entered the order because he believed it was an agreed order between the parties. The Magistrate Judge is now satisfied that there was no agreed order and accordingly Bridgestone is entitled to object to the order and request reconsideration. After considering the briefs (Docket Entries 173, 179, 180 and 185), the Magistrate Judge will GRANT the motion in part and modify that order to provide that either side may file **10 requests** at any time under the original case management order (Docket Entries 54 and 96). The Magistrate Judge does believe that unlimited objections and telephone conferences over what are literally million of documents that have been classified as confidential or highly confidential, would bog this case down far too much. Accordingly, regarding these disputes and limiting the number in the revised case management order (Docket Entry 78) is a reasonable modifications.

After considering Bridgestone's objections, the Magistrate Judge will allow each side to file **10 requests** concerning removing confidential or highly confidential designations. The parties are cautioned that if the parties abuse this procedure by including a large number of documents in a single request, the Magistrate Judge will very quickly substantially cut or eliminate the exception entirely.

Bridgestone has indicated that it will use its first exception to request resolution of the Plaintiff's documents that started this situation remove the confidential designation of the

7

20 some documents attached to the amended complaint. If they wish, they may start the process under the original case management order and the Magistrate Judge will resolve that situation.

IBM advised the Court and the parties that they would be filing in the near future motions to amend their pleadings to include various affirmative defenses and counterclaims. They were waiting to file these motions until the District Judge had an opportunity to rule on the revised pending motion to dismiss (Docket Entry 14) the amended complaint (Docket Entry 138).

Absent a ruling by the District Judge dismissing the amended complaint, the parties are advised that the Magistrate Judge will likely grant such a motion. However, before making that as a final decision, the Magistrate Judge will consider any objection that Bridgestone may have to the requested amendment.

There are a number of deadlines set in this order, The parties may request modifications if the Magistrate Judge has misstated any, or if they agree on a change, or believe a modification is required.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge