UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIDGESTONE AMERICA'S, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-cv-01196 |
| v. ) | |
| ) | Judge Sharp |
| INTERNATIONAL BUSINESS ) | Magistrate Judge Brown |
| MACHINES CORPORATION, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM

Plaintiff Bridgestone America's, Inc. ("Plaintiff" or "BSAM") filed a *Motion to Amend Complaint and Join Party Plaintiff* (Docket Entry No. 363), to which Defendant International Business Machines Corporation ("Defendant" or "IBM") filed a response (Docket Entry No. 370) and Plaintiff filed a reply (Docket Entry No. 387).[1] For the reasons discussed herein, the Court will deny Plaintiff's motion.

## RELEVANT PROCEDURAL HISTORY

Pending before the Court is Plaintiff's second motion to amend its Complaint. In this motion, Plaintiff requests leave to amend its First Amended Complaint to "(1) plead additional facts regarding BATO's remaining non-contract claims and damages; and (2) join BATO as a party Plaintiff." (Docket Entry No. 363 at 1). Moreover, Plaintiff asks this Court to add new entries to the lists of contracts in dispute.

Plaintiff filed its initial Complaint over two years ago − October 2013. It included a single plaintiff, BSAM, which purported to bring claims assigned to it by two of its subsidiaries,

---

[1] BSAM also filed a surreply. *See* (Docket Entry No. 397).

Bridgestone Retail Operations, LLC ("BSRO")[2] and Bridgestone Americas Tire Operations, LLC ("BATO"). As to BATO, Plaintiff stated "[u]less otherwise expressly stated, facts asserted on behalf of BSAM include all relevant aspects of rights and claims of BATO . . ." (Docket Entry No. 1, Initial Complaint, ¶21). Accordingly, Defendant moved to dismiss the assigned claims in January 2014, arguing even assuming the validity of those claims, the Complaint did not adequately allege that BATO had any claims to assign. (Docket Entry No. 42 at 21).

Over a year passed, and in April 2015, Plaintiff moved for leave to amend its Complaint. (Docket Entry No. 131) The Court granted the request. (Docket Entry No. 136). Plaintiff made no attempt to add BATO as a party or correct any alleged deficiencies addressed by Defendant in the earlier motion to dismiss. Thereafter, Defendant filed a renewed motion to dismiss in May 2015, and maintained that the claims Plaintiff purported to bring on behalf of BATO should be dismissed. (Docket Entry No. 143).

In March 2016, the Court ruled on Defendant's renewed motion to dismiss. As to BATO, the Court concluded,

> Construing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has pleaded enough factual matter to allege that BATO was a third-party beneficiary of the contract – and as such, BATO's breach of contract claim will survive for the reasons discussed *supra*[3] as to BSAM's breach of contract claim.
>
> The foregoing rulings may be revisited in the context of a motion for summary judgment after the factual record has been developed. But for now, however, the Court finds that Plaintiff has alleged sufficient facts to make each of its legal

---

[2] The claims related to BSRO were removed by the First Amended Complaint. *See* (Docket Entry No. 138, Amended Complaint).

[3] With regard to Plaintiff's breach of contract claim, the Court ruled that "Plaintiff has adequately pled a claim for breach of contract at this stage in the litigation. Plaintiff directly alleges the existence of valid contracts (which are attached as exhibits to the Complaint) with IBM, adequately alleges non-performance, and directly alleges damages as a result of IBM's breach. The Court finds that Plaintiff has fulfilled the pleadings requirement for its breach of contract claim. Accordingly, the Court will not dismiss Plaintiff's breach of contract claim (Count VI)." (Docket Entry No. 352 at 21).

claims plausible − with the exception of its claim for constructive fraud and BATO's non-contract claims.

(Docket Entry No. 352 at 24). The Court added that "Plaintiff has failed to sufficiently plead facts regarding the non-contract claims (Counts I-V); therefore, those claims will be dismissed as to BATO." (*Id*. at fn 9).

## ANALYSIS

Federal Rule of Civil Procedure 15(a) governs amending pleadings before trial. A party may amend a pleading once as a matter of course either (a) within twenty-one days after serving it, or (b) if the pleading is one to which a responsive pleading is required, within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may only amend a pleading by obtaining the opposing party's written consent or receiving leave of the court. Fed. R. Civ. P. 15(a)(2). Where it is requested, the court should "freely" give leave when justice so requires. *Foman v. Davis*, 371 U.S. 178, 230 (1962).

However, a motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman,* 371 U.S. at 182). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, St. of Mich., Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

Plaintiff seeks to "(1) add nine brief sub-paragraphs pleading its non-contract claims and describing its claims and damages as *to BATO* with greater particularity; and (2) add BATO as

3

an additional party Plaintiff." (Docket Entry No. 363 at 2) (emphasis in original). Plaintiff additionally asks this Court to add new entries to the lists of contracts in dispute.

Defendant contends "BSAM's extraordinary requests should be denied." (Docket Entry No. 370 at 1-2). Defendant argues that although Plaintiff has amended its Complaint previously, "[n]ow–years into the case and more than 27 months after [IBM] filed the motion to dismiss that raised the very pleading defects that BSAM now seeks to cure–BSAM wants to amend again." (*Id.*). IBM further contends,

> First, the Court has already dismissed all non-contract claims as to BATO, and under Sixth Circuit law, a dismissal that does not specify that it is without prejudice is presumed to be with prejudice; thus, those claims are dead no matter who brings them.[4] Second, even if they had been dismissed without prejudice, the noncontract claims as to BATO would be futile because the new complaint would still not survive a motion to dismiss. Third, BATO purports to have assigned *all* of its claims to BSAM, which means it has no claims, is not a real party in interest and, therefore, cannot be a plaintiff. Fourth, BATO could have been added and the new allegations could have been included in the complaint years ago (as nothing has changed) and adding them now after this delay would unduly prejudice IBM. Fifth, the new contracts constitute whole new subject areas that have not been the subject of dispute; they should not be added without justification this late into discovery. Sixth, in any case, claims regarding the new contracts could not withstand a motion to dismiss and are, thus, futile.

(*Id.*).

Plaintiff's problem is that its attempt to file another amended complaint does not seek to add anything new – nothing it did not already know at the beginning of this litigation. And Plaintiff has already amended its pleadings once without mentioning the facts and theory underlying this latest proposed amendment. "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v.*

---

[4] Dismissal of the claims were with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the court in its Order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.").

4

*Knoxville Utils. Bd.,* 259 F.3d 452, 459 (6th Cir. 2001).[5] Plaintiff has failed to carry this burden. Here, Plaintiff cannot adequately explain its delay in adding BATO as a party, bringing the new claims on behalf of BATO, and adding new entries to the lists of contracts in dispute, at this stage of the litigation – indeed, the basis for bringing these claims existed at the beginning of the lawsuit. If fact, Plaintiff offers no explanation in its motion as to why it waited until now – over two years later, to seek amendment of the Complaint for the second time. The Court finds Plaintiff has not met its burden under Rule 15(a)(2) by providing justification for its failure to amend the complaint at an earlier stage in the litigation.

Moreover, granting the motion would result in undue prejudice to Defendant. Prejudice exists if the proposed amendment would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662-663 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). As Defendant points out, it appears Plaintiff simply waited for ruling on its motion to dismiss to correct a pleading defect. Defendant argues not only would the addition of "allegations to support its non-contract claims as to BATO and, separately, adding BATO itself" be prejudicial, but the same holds true for the additional contracts Plaintiff seeks to add. (Docket Entry No. 370 at 12-13). Defendant contends,

> Bridgestone was well aware of these contracts in November 2013. It does not and cannot explain why it waited two and a half years before amending or why it did not include them, at the very latest, in its May 2015 amendment. Nor does BSAM say why it allowed the parties to spend years negotiating search terms, serving and responding to interrogatories, serving and responding to requests for production, serving and responding to requests for admission, identifying custodians, selecting deponents, taking depositions and engaging in a number of

---

[5] While delay should not be the only reason for denying an amendment to a pleading, it can be considered by the Court. *Id*. at 458.

other discovery tasks—all under the impression that these contracts and corresponding projects were not in dispute.

Adding these new contracts now would unduly prejudice IBM.

(*Id*.). It cannot reasonably be said that allowing these amendments would not be prejudicial to Defendant. Because of Plaintiff's unexplained delay in filing the motion to amend and because allowing it to amend will be prejudicial to Defendant, the Court finds that Plaintiff has not demonstrated good cause. Accordingly, the motion will be denied.

## **CONCLUSION**

For all of the reasons stated, Plaintiff's *Motion to Amend Complaint and Join Party Plaintiff* (Docket Entry No. 363) will be denied.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE