IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIDGESTONE AMERICAS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) Case No. 3:13-cv-1196 |
| | ) |
| | ) Judge Sharp |
| Defendant-Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIDGESTONE AMERICAS, INC. and BRIDGESTONE CORPORATION | ) |

## MEMORANDUM

Pending before the Court is Plaintiff Bridgestone Americas, Inc.'s ("BSAM") Motion for Review of Order Granting Defendant's Motion to Preclude Plaintiff's Claim for Unearned Customer Awards. (Docket No. 506). Defendant International Business Machines, Corp. ("IBM") filed a Response in Opposition. (Docket No. 521). For the following reasons, the Court will deny BSAM's Motion for Review and affirm the Magistrate Judge's Order.

## BACKGROUND

Because the discovery process in this case has been incredibly complex and contentious throughout the past three and a half years and the Magistrate Judge has been intimately involved with the process, the Court herein adopts the Magistrate Judge's Order for reference to the factual background of the dispute currently before the Court. (See Docket No. 500 at 2-10).

Following an analysis of the discovery dispute between the parties, on October 31, 2016, the Magistrate Judge issued an order "precluding BSAM from claiming or introducing at trial

1

any evidence supporting its $29 million or $26 million claim for unearned customer awards."[1] (Docket No. 500 at 23). The Magistrate Judge found this to be an appropriate sanction under Rule 37(c)(1) and Rule 37(b)(2) of the Federal Rules of Civil Procedure because BSAM had "failed to provide a timely computation of this claim in its initial and supplemental disclosures, and that failure was not substantially justified or harmless. Further, BSAM failed to fully comply with a [January 12, 2016] discovery order which required BSAM to provide this computation by February 26, 2016." (Id. at 24). The Magistrate Judge also found this sanction appropriate because BSAM's failure to provide the requested computation "put IBM and its experts at a severe disadvantage without good cause." (Id.).

BSAM claims that the Magistrate Judge made a factual error in considering IBM's Motion to Preclude Plaintiff's Claim for Unearned Customer Awards, by failing to consider a document that BSAM previously produced to IBM. (Docket No. 505 at 2). BSAM now requests review of the Magistrate Judge's Order based on the alleged factual error. BSAM claims that it complied with both its initial disclosure requirements and the January 12, 2016 Order by providing a timely calculation of the $29 million or $26 million amount. (Id.). It claims that it did so on May 29, 2015, when it provided a list of the customers in question, the amount received by each customer, and the total amount of $25,775,159.39. (Id. at 3). BSAM calls this previously produced document "Exhibit C." (Id. at 3 n.7).

---

[1] BSAM originally claimed the unearned customer awards amounted to $29 million in damages, but has since modified that amount to between $25 million and $26 million. (Docket No. 500 at 10) ("After recognizing a computation error on March 10, 2016, [a Bridgestone employee] adjusted the amount claimed from $29 million to $25,775,159.39."); (see also Docket No. 505-7 at 5) (showing a May 4, 2016 document that lists 75 customer names, the amount received by each customer, and a total amount of $25,778,348).

2

## LEGAL STANDARD

"A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures." Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003) (citing Fed. R. Civ. P. 72(a)). "A district court must review dispositive motions under the *de novo* standard." Id. The parties dispute whether the Magistrate Judge's Order precluding BSAM's claim for unearned customer awards is dispositive or nondispositive. Although the Magistrate Judge's Order may be read as implying dismissal of the potential unearned customer awards claim (and therefore dispositive), this Court finds the Order to be nondispositive for the following reasons.

"[T]he Sixth Circuit has employed a functional equivalence analysis to determine whether a motion is dispositive or non-dispositive for purposes of review of a Magistrate Judge's decision. . . . Any motion not listed as dispositive in § 636(b)(1)(A) but functionally equivalent to a dispositive motion is deemed dispositive." Cooper v. Shelby County, 2010 U.S. Dist. LEXIS 42290, *7 (W.D. Tenn. Apr. 28, 2010).

> [M]otions for sanctions premised on discovery abuses are generally non-dispositive, parties may . . . ask the court to sanction the offending party by dismissing its claim. The majority of courts to consider the issue have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge . . . governs the magistrate judge's authority over the motion.

Bell-Flowers v. Progressive Ins. Co., 2005 U.S. Dist. LEXIS 37198, *2 n.1 (W.D. Tenn. Dec. 13, 2005); see also Nance v. Wayne County, 264 F.R.D. 331, 332 (M.D. Tenn. 2009) (citing Bell-Flowers for the proposition that "motions for sanctions premised on discovery abuses are non-dispositive unless sanction includes dismissal of claim").

As stated above, district courts reviewing a nondispositive magistrate judge order apply the clearly erroneous or contrary to law standard. "'The clearly erroneous standard applies only

to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary contrary to law' standard. . . . Therefore, the reviewing court must exercise independent judgment with respect to the magistrate judge's conclusions of law." Peterson v. Burris, 2016 WL 1458107, at *1 (E.D. Mich. Apr. 14, 2016) (quoting Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id. (quoting Ford Motor Co. v. United States, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

BSAM has claimed throughout discovery that the $26 or $29 million in unearned customer awards at issue "may or may not be a separate claim under some legal theory," but has never asserted the amount as belonging to a specific claim. (Docket No. 500 at 4). Consequently, there is no claim to be dismissed, nor is it functionally equivalent to dismissing a claim as BSAM never articulated any claim regarding this damage amount. (See Docket No. 500 at 24) ("Accordingly, IBM's motion to preclude BSAM's *potential* claim for unearned customer awards . . . is GRANTED.") (emphasis added). Furthermore, the Court declines to allow a party to definitively assert a claim only after sanctions have finally been issued against the party. Such a holding would allow parties to recharacterize magistrate judges' orders as they please by claiming that an order is dispositive because it precludes claims they thought about potentially bringing. The Magistrate Judge's Order in this case is nondispositive, and the Court will apply the clearly erroneous or contrary to law standard.

## ANALYSIS

The Magistrate Judge considered two separate issues: "(1) whether BSAM satisfied the Rule 26 initial disclosure requirements as to this $29 or $26 million claim of unearned customer awards and whether any failure was substantially justified or harmless; and (2) whether BSAM

4

complied with the Court's January 12, 2016 discovery order concerning these unearned customer awards." (Docket No. 500 at 13). The Magistrate Judge found "that the answer to both questions is a resounding 'No.'" (Id.).

I.   **BSAM's Initial and Supplemental Disclosures Did Not Satisfy Rule 26 as to This Claim for Unearned Customer Awards**

In determining that BSAM failed to satisfy the Rule 26 disclosure requirement, the Magistrate Judge noted that BSAM did not reference the $26 or $29 million dollar claim concerning unearned customer awards until September 2015—19 months after initial disclosures were initially exchanged. (Docket No. 500 at 14). It further noted that, as recently as the spring of 2016, BSAM had stated it was unsure of whether this $26 or $29 million amount was going to be a separate claim. (Id.). The Magistrate Judge found the fact that BSAM eventually articulated a relatively specific number of "twenty-five million seven hundred and some odd thousand dollars" significant enough to suggest that BSAM had a method of calculation for these damages but had simply not shared the method with the Court or IBM (as it was required to do). (Id.); see also Design Strategy, Inc. v. Davis, 469 F.3d 284 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents."). On October 17, 2016, the Magistrate Judge's suspicions were confirmed; on that date, BSAM produced documents to IBM that contained a preliminary computation of the damages at issue, and these documents were dated March 2016. (Docket No. 500 at 14). Finding that BSAM's October 17, 2016 production of such documents was "well outside the time period in which it was required to supplement its initial disclosures," the Court ruled that BSAM had failed to comply with Rule 26. (Id. at 15).

BSAM now claims that the Magistrate Judge's Order was based on a factual error: BSAM claims that it produced a document it calls "Exhibit C," (Docket No. 505-2), to IBM

5

during a May 29, 2015 production; that "Exhibit C" was substantially the same as the documents later produced on October 17, 2016; and that the earlier production of "Exhibit C" was overlooked by the Magistrate Judge in deciding IBM's motion to preclude. (Docket No. 505 at 7). BSAM states that it "[r]egrettably" "did not adequately explain that this calculation had been produced" on May 29, 2015. (Id. at 8). Although BSAM did mention in its opposition to IBM's motion to preclude that the "$29 million came from a summary document produced by" BSAM, (Docket No. 391 at 6), BSAM "did not specifically identify the document containing the calculation in its opposition to the motion to preclude." (Docket No. 505 at 8-9). It merely referred to the document now called "Exhibit C" as a "summary document." (Docket No. 391 at 6) ("The $29 million came from a summary document produced by Bridgestone."). Regardless of these oversights, BSAM argues that the production of "Exhibit C" on May 29, 2015 satisfies the Rule 26 disclosure requirements because "Exhibit C" shows the following: "1) the names of each customer that received a customer award; 2) the amount received by each customer; 3) the marketing program to which the credits were related (either Growth and Loyalty, Winner's Circle or Super Customer); and 4) a simple mathematical calculation totaling approximately $29 million." (Docket No. 505 at 3). Because BSAM believes the May 29, 2015 production of "Exhibit C" satisfied its Rule 26 disclosure requirements, it believes the Magistrate Judge's Order was in error.

BSAM also argues that IBM "never referenced [Exhibit C] at all, even though IBM reviewed it while preparing its August 24, 2015 letter requesting additional information about the documents in Bridgestone's May 29, 2015 production." (Docket No. 505 at 9). BSAM argues that this shows IBM had the document and that IBM was therefore not prejudiced by BSAM's later failure to reference the document again. (Id. at 10).

BSAM's arguments fail for three reasons. First, as BSAM admits, BSAM informed the Magistrate Judge during briefing on IBM's motion to preclude that its estimated damages calculation came from a previously produced "summary document." (Docket No. 391 at 6; see also Docket No. 505 at 12) ("Bridgestone's opposition to IBM's motion to preclude stated that the $29 million came from a document produced by Bridgestone."). BSAM's current articulation of what exactly this summary document is—"Exhibit C"—does not suggest that the Magistrate Judge's analysis was incorrect, nor does it explain BSAM's complete failure to articulate the existence of "Exhibit C" during the 13 months of briefing on the $29 million damages calculation issue if it truly believed this document vital to its case.

Second, BSAM first revealed to IBM that it was "considering claiming losses for additional customer payments" in September 2015. (Docket No. 500 at 2). This was the first time that BSAM specifically mentioned the $29 million or $26 million amount, and it was nearly four months *after* BSAM had produced "Exhibit C" to IBM as part of the May 29, 2015 production. (Id.). Consequently, at the time of the May 29, 2015 production, IBM had no way of knowing that "Exhibit C"—a one page list of customers and payment amounts totaling $29,398,879—was significant. This, coupled with BSAM's failure to bring this document to the Court's or IBM's attention until after the Magistrate Judge's Order precluding BSAM from presenting evidence on the amount, underscores the Magistrate Judge's finding that BSAM failed to comply with its Rule 26 disclosure requirements.

Third, as a more general issue, Rule 26 requires BSAM to provide "'a specific formula indicating how [BSAM's] theory of damages is supported. . . . Simply providing documents to the defendant and assuming that somehow the defendant will divine what [BSAM's] alleged lost profits are by having documents is not sufficient.'" (Docket No. 500 at 16) (quoting Design

Strategy Inc., 469 F.3d at 286); see also Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring parties to provide in initial disclosures "a computation of each category of damages claimed by the disclosing party" including "the documents . . . on which each computation is based"). "Exhibit C" does not accomplish this task, as it is a list of unearned customer awards with no explanation as to the amounts listed. (Docket No. 505-2 at 3). Consequently, even if BSAM had pointed to the previous production of this document, the Court is doubtful that it would have satisfied the Magistrate Judge's request for a calculation of the damages. For these three reasons, the Magistrate Judge's factual findings on this issue are not clearly erroneous.

## II. BSAM's Failure to Comply with Rule 26 is Not Substantially Justified or Harmless

In determining that BSAM's failure to comply with Rule 26 was not substantially justified or harmless, the Magistrate Judge followed the Sixth Circuit's adoption of five factors:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Howe v. City of Akron, 801 F.3d 718, 747-48 (6th Cir. 2015) (quoting Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396-97 (4th Cir. 2014)).

Considering these five factors in light of BSAM's actions, the Magistrate Judge found that BSAM's actions were neither substantially justified nor harmless. The Magistrate Judge considered facts such as: (1) "BSAM produced its first computation of this claim after the close of fact discovery and on the eve of expert depositions"; (2) the lack of time IBM would have to "analyze the claim during expert discovery"; (3) the "[o]nly recently produced March 2016 email thread" that "explains the $3 million difference between the figures"; (4) the inability of IBM "to

8

resolve the ambiguities surrounding this claim through numerous telephone conferences with the Magistrate Judge and through a motion to compel"; (5) the inability of IBM to fully examine prior deponents about this estimate of damages; (6) the very real possibility that further discovery on the issue would delay the five-week trial currently set for July 2017; and (7) the lack of an adequate excuse for BSAM's failure to provide a calculation of these damages when specifically ordered to do so. (Docket No. 500 at 17-20).

BSAM's argument that the Magistrate Judge's determination on this issue was in error stems from the argument that the Magistrate Judge relied on a factual error by believing that BSAM had not previously produced the damages calculation—Exhibit C—when it had actually done so in May of 2015. (Docket No. 505 at 11). BSAM believes that because "the Court's finding was factually in error, its conclusions regarding prejudice were also in error," and the Howe factors therefore do not apply. (Id. at 11-12).

In reviewing the Magistrate Judge's application of Sixth Circuit law, the Court finds that the Magistrate Judge's application was not contrary to law; the Magistrate Judge properly applied the Howe factors and properly placed the burden of proof on BSAM to show harmlessness. See Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003). Further, the Court has already stated that the Magistrate Judge did not commit a factual error; therefore, BSAM's argument relying on this assertion fails.

### III. BSAM Did Not Fully Comply with the Court's January 12, 2016 Order Regarding This Claim for Unearned Customer Awards

Finally, the Magistrate Judge found that "BSAM did not fully comply with the Court's January 12, 2016 order to supplement its initial disclosures to explain its calculation of the $29 million claim for unearned customer awards." (Docket No. 500 at 20). The Magistrate Judge came to this conclusion by citing to a Southern District of New York case, in which that court

9

stated "[i]t should not take a conference, a motion to compel, a court order, and a motion for sanctions to generate a computation of damages . . . [which] requires both a dollar amount sought and some analysis explaining how that figure was arrived at[.]" (Id. at 21) (quoting Thompson v. Jamaica Hosp. Med. Ctr., 2015 WL 3824254, at *3 (S.D.N.Y. June 19, 2015)).  After deciding that "BSAM failed to fully comply with a discovery order," the Magistrate Judge looked at four factors the Sixth Circuit has used to determine whether the sanction sought is just and appropriate: "(1) whether the party acted willfully or in bad faith; (2) whether the adversary suffered prejudice; (3) whether the party was warned about potential sanctions; and (4) whether less drastic sanctions were imposed or considered."  (Id.) (citing Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013)).

In determining the application of these four factors, the Magistrate Judge looked at facts such as: (1) BSAM's repeated failure to comply with the January 12, 2016 Order despite "several warnings" of possible sanctions of this exact kind; (2) BSAM's production of the calculation after the close of fact discovery despite the evidence showing the existence of the calculation months *before* the close of fact discovery; (3) the inability of IBM "to fully analyze the claim until the beginning of expert discovery"; (4) IBM's needing to expend further resources in pursuing information that should have been provided in initial disclosures; and (5) the ability of any lesser sanction to fully rectify the harm that BSAM has caused.  (Docket No. 500 at 22-23).

BSAM again argues that the Magistrate Judge erred in this finding because the Magistrate Judge relied on a factual error (believing that BSAM had not previously produced the damages calculation—"Exhibit C"—when it had done so in May of 2015).  (Docket No. 505 at 13).  In the alternative, BSAM argues that the Court should review the sanctions in light of the current information if the Court determines that there was no "error" on the part of the

Magistrate Judge. (Id. at 13 n.49). The Court finds that the Magistrate Judge's application of relevant case law on this issue is not contrary to law and the Magistrate Judge's factual conclusions are not clearly erroneous. Further, as the Court discussed above, the Magistrate Judge's decision was not based on a factual error, and therefore BSAM's argument on this point fails. As to BSAM's alternative argument, even if the Court considers the Magistrate Judge's Order to have relied on "incorrect information," Exhibit C (presumably the "correct" information) fails to correct any of BSAM's issues. As discussed above, "Exhibit C" does not contain a sufficient calculation of the damages that BSAM was ordered to provide.

## CONCLUSION

For the foregoing reasons, the Court will deny BSAM's Motion for Review of Order Granting Defendant's Motion to Preclude Plaintiff's Claim for Unearned Customer Awards. The Court will affirm the Magistrate Judge's Order precluding BSAM from presenting evidence of damages for unearned customer awards.

A separate order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE